United States District Court
Northern District of California

1

2

3

4 UNITED STATES DISTRICT COURT

   NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY HART,<br><br>  Plaintiff,<br><br> v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>  Defendant. | Case No. 15-cv-5392-TEH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: FOURTEENTH AFFIRMATIVE DEFENSE** |

On December 12, 2016, Plaintiff filed a motion for partial summary judgment. ECF No. 41 ("Mot."). Defendant timely opposed the motion and filed a cross-motion for summary judgment. ECF No. 47 ("Opp'n"). Plaintiff timely replied. ECF No. 48 ("Reply"). The Court heard oral arguments on the motion on February 6, 2017. After carefully considering the parties' written and oral arguments, the Court GRANTS Plaintiff's motion and DENIES Defendant's cross-motion for the reasons set forth below.

## I. BACKGROUND

As the parties are familiar with the factual background of this case, the Court provides only a brief summary of the facts.

In 2004, Plaintiff, Nancy Hart, became unable to work and applied for benefits under a Disability Plan administered by Defendant, Unum Life Insurance Company of America. ECF No. 1 ("Compl.") ¶¶ 12-13. Hart's claim for disability benefits became effective on December 27, 2004. *Id.* ¶ 13. On June 7, 2012,[1] Unum informed Hart via letter ("termination letter") that her long-term disability benefits would be terminated. *Id.* ¶ 15. Hart timely appealed Defendant's decision to terminate her disability benefits, and on January 18, 2013, Defendant denied Hart's appeal. *Id.* ¶¶ 17-18.

---

[1] While Hart states she received this letter on June 14, 2012, the letter itself is dated June 7, 2012. *See* ECF No. 41-1, ("Keenley Decl."), Ex. 3.

United States District Court
Northern District of California

1    On November 24, 2015, Hart filed a legal complaint, pursuant to the Employment

2    Retirement Income Security Act of 1974 ("ERISA"), challenging denial of her disability

3    benefits. *See id.* ¶ 1. Hart seeks a declaration of entitlement to future disability benefits, as

4    well as an injunction prohibiting Defendant from terminating or reducing her disability

5    benefits before the maximum benefit period has been reached. *Id.* ¶ 43. In response,

6    Defendant brings forth fifteen affirmative defenses. [2] ECF No. 23, at 8-9.

7    In the present motion, Plaintiff seeks a ruling from this Court that the contractual

8    limitations term found in the policy "does not apply," and therefore Defendant's fourteenth

9    affirmative defense "fails as a matter of law." Mot. at 1:16-17. Defendant opposes

10   Plaintiff's motion arguing that a three-year contractual limitation in the policy bars a legal

11   claim in this case, and asks the Court to grant summary judgment in its favor based on its

12   fourteenth affirmative defense. Opp'n at 3:2-4. Subsequently, Plaintiff seeks that

13   Defendant's cross-motion for summary judgment be denied. Reply at 8:20.

14

15   **II.    LEGAL STANDARD**

16   A party must identify each claim or defense in whole, or in part, on which summary

17   judgment is sought. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "there is

18   no genuine dispute as to any material fact and the movant is entitled to judgment as a

19   matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome

20   of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a

21   material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a

22   verdict for the nonmoving party. *Id.* The court may not weigh the evidence and must view

23   the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

24   A party seeking summary judgment bears the initial burden of informing the court

25   of the basis for its motion, and of identifying those portions of the pleadings or materials in

26

27   _____

28   [2] Defendant's fourteenth and fifteenth affirmative defenses are both in reference to the
Long Term Disability Plan's contractual limitation, and are therefore considered as simply
the "fourteenth affirmative defense" throughout the order.

1
2
3
4
5
6
7
8
9
10
11

the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it "must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the district court ... that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion. *Anderson*, 477 U.S. at 250.

<div style="text-align:center; writing-mode: vertical-rl;">United States District Court<br>Northern District of California</div>

12

### III.   DISCUSSION

13
14
15
16
17
18
19
20
21

The Employment Retirement Income Security Act of 1974 ("ERISA") allows protected participants of employee benefit plans to bring a civil suit to recover benefits they are owed. 29 U.S.C. § 1132(a)(1)(B); *Heimeshoff v. Harford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 608 (2013). ERISA does not set a specific statute of limitations period to bring a legal suit, and requires participants to exhaust their plan's internal system of review before bringing a claim. *Heimeshoff*, 134 S. Ct. at 608. Defendant's fourteenth affirmative defense argues that under Hart's Long Term Disability ("LTD") Plan, her claim is "barred by the contractual limitation" stating that a legal action can be brought "up to three years from the time proof of claim is required." ECF No. 23, at 9:20-28.

22
23
24
25
26
27
28

Plaintiff argues that the LTD Plan policy's contractual limitation was not triggered by dates enclosed in the letter terminating her claim, because "proof of disability" and "proof of continuing disability" are two distinct terms. Mot. at 3:14. Furthermore, assuming the Court finds either term can trigger the three-year contractual limitation, both parties acknowledge that the termination letter establishes the deadline that triggers the contractual limitation, but differ as to which of the two deadlines within the letter applies. Keenley Decl. Ex. 3.

3

United States District Court
Northern District of California

1    **A.    Proof of Claim and Proof of Continuing Disability are Two Distinct Terms**

2    **in Defendant's LTD Plan Policy.**

3    Courts must interpret terms found within insurance policies governed by ERISA in

4    an "ordinary and popular sense" and as a "person of average intelligence and experience"

5    would interpret them. *McClure v. Life Ins. Co. of North America*, 84 F.3d 1129, 1134 (9th

6    Cir. 1996). Policy language is expected to be "clear, plain, and conspicuous." *Id.* at 1136.

7    Furthermore, courts must interpret policy provisions in a way that protects the "reasonable

8    expectations of the insured" even if "such expectations are contrary to the expressed

9    intention of the insurer." *McClure*, 84 F.3d at 1135; *see, e.g., Saltarelli v. Bob Baker*

10   *Group Medical Trust*, 35 F.3d 382, 387 (9th Cir. 1994); *Henry v. Home Ins. Co.*, 907

11   F.Supp. 1392, 1396 (C.D. Cal. 1995).

12   Under Defendant's LTD Plan policy, an individual has "up to three years from the

13   time proof of claim is required" to bring a legal claim. Keenley Decl. Ex. 1, at 37.  Here,

14   however, Defendant argues that the 45-day deadline to provide "proof of *continuing*

15   *disability*" triggered the three-year limitation on bringing a legal claim. Keenley Decl. Ex.

16   1, at 29. Defendant explains that because "proof of continuing disability" is a term found

17   within the "What Information Is Needed As Proof Of Your Claim?" section of Hart's

18   policy, both "proof of claim" and "proof of continuing disability" can be used

19   interchangeably for purposes of triggering the three-year limitation.[3] Keenley Decl. Ex. 1,

20   at 29. However, although both terms are found within the same section, the Defendant fails

21   to make it "clear, plain, and conspicuous" that in applying the contractual limitation there

22   is no distinction between the two terms. *McClure*, 84 F.3d at 1136.

23

24

---

25   [3] At oral argument, Defendant's counsel cited to *Mahan v. Unum Life Insurance Co. of America*, 2015 WL 3901883 (N.D. Cal. June 24, 2015) and *Mogck v. Unum Life Ins. Co. of*

26   *America*, 292 F.3d 1025 (9th Cir. 2002) in support of assertion that "proof of continuing disability" falls within the term "proof of claim." Yet, neither case directly addressed this

27   issue. *Mahan* considered the contractual limitation that applied to a "continuing disability" claim resulting from a new injury, while *Mogck* focused on the need to utilize the exact terms to trigger a contractual limitation. In sum, neither *Mahan* nor *Mogck* explicitly

28   recognized "proof of continuing disability" to be interchangeable with "proof of claim."

United States District Court
Northern District of California

1  Due to the differences between the two terms, this Court finds an individual would

2 reasonably infer a distinction between the terms "proof of claim" and "proof of continuing

3 disability," and Defendant fails to explicitly state otherwise. For example, the policy states

4 that proof of claim is invoked at the beginning of the claim, while proof of continuing

5 disability is required when the claim has already been approved. Keenley Decl. Ex. 1, at

6 29. Also, a proof of claim is to be sent no later than 90 days after the insured's

7 "elimination period," while proof of continuing disability is required only when requested

8 by Defendant, and within 45 days of the request. *Id.* Lastly, the requirements of the two

9 terms differ. *Id.* "Proof of claim" requests information regarding monthly earnings, cause

10 and extent of disability, and other information regarding the applicant's health care, while

11 "proof of continuing disability" simply requires proof of "regular care" by a physician. *Id.*

12 From these differences, a "person of average intelligence and experience" would

13 reasonably conclude there is a distinction between the two terms. *McClure*, 84 F.3d at

14 1134.

15  In sum, the Court finds that the LTD Plan policy fails to clearly demonstrate that

16 there is no distinction between "proof of claim" and "proof of continuing disability."

17 Therefore, the termination letter did not trigger the three-year contractual limitation to file

18 a legal claim by asking Hart for proof of continuing disability.

19

20 **B.** **Defendant Provides Two Different Dates in Termination Letter, Creating**

21   **an Ambiguity as to the Date that Triggers the Three-Year Contractual**

22   **Limitation Period.**

23  Even assuming the Court accepts Defendant's argument that "proof of claim" and

24 "proof of continuing disability" are interchangeable, Defendant's affirmative defense still

25 fails. Defendant's termination letter states both a 45-day deadline to provide "proof of

26 continuing disability" and a 180-day deadline to appeal the letter's decision. Keenley Decl.

27 Ex. 3. Hart suggests that the letter's inclusion of two different deadlines creates an

28 ambiguity that should be interpreted in favor of the insured. Reply at 5:10-11.

5

1       Citing the termination letter, both parties disagree on the deadline that triggers the

2   contractual limitation. Keenley Decl. Ex. 3, at 4-5. Defendant argues that the 45-day

3   "proof of continuing disability" deadline triggers the three-year contractual limitation,

4   while Hart argues that the 180-day appeal deadline applies. Opp'n at 1:12-13; Reply at

5   1:21-22. Within the context of the letter, the 45-day deadline for "proof of continuing

6   disability" is provided as an excerpt of the original policy, and the letter states that if the

7   insured disagrees with their claim decision, then they have 180 days to "request for a

8   review of the decision." Keenley Decl. Ex. 3, at 5. Therefore, by including both dates, the

9   termination letter is ambiguous as to which deadline applies. If the 180-day deadline

10  applies, Hart's claim is timely, while under the 45-day deadline, her legal claim is barred

11  under the contractual limitation.

12      The Ninth Circuit has held that an insurer must "utilize language from its own

13  policy" to inform the insured of when "the contractual time limitation for legal

14  proceedings would begin to run," *Mogck v. Unum Life Insurance Company of America*,

15  292 F.3d 1025, 1026 (9th Cir. 2002), and that "ambiguities in insurance contracts must be

16  construed against the insurer." *Kunin v. Benefit Trust Life Ins. Co.*, 910 F.2d 534, 539 (9th

17  Cir. 1990). The court justified this method of interpretation by stating that "insurance

18  policies are almost always drafted by specialists employed by the insurer," therefore, "the

19  insurer should be expected to set forth any limitations on its liability," and "should not be

20  allowed to take advantage of the very ambiguities that it could have prevented with greater

21  diligence." *Id.* at 540.

22  ///

23

24  ///

25

26  ///

27

28  ///

United States District Court
Northern District of California

1   Under "What Information is Needed As Proof Of Your Claim," the Defendant's

2   letter includes the following excerpt of the policy:

3   "WHAT INFORMATION IS NEEDED AS PROOF OF YOUR CLAIM?
    Your proof of claim, provided at your expense, must show:
4          that you are under the regular care of a physician;
           the appropriate documentation of your monthly earnings;
5          the date your disability began;
           the cause of your disability;
6          the extent of your disability, including restrictions and limitations
           preventing you from performing your regular occupation; and
7          the name and address of any hospital or institution where you received
8          treatment, including all attending physicians.
    We may request that you send *proof of continuing disability* indicating that
9   you are under the regular care of a physician. *This proof, provided at your*
10  *expense, must be received within 45 days of a request by us*."

11

12  Keenley Decl. Ex. 3, at 4 (emphasis added). At the same time, the "Next Steps Available

13  to You" section of the letter states that Hart holds "the right to request an appeal," and has

14  180 days from the date she receives the letter to file the appeal. *Id.* at 5. Immediately

15  following the "Next Steps Available to You" section, the letter includes the following

16  provision:

17          The policy under which you are insured has a provision which
            states, in part, that no lawsuit or legal action shall be brought to
18          recover on the policy after 3 years from the date *proof of claim*
            is required.
19

20  Keenley Decl. Ex. 3, at 5 (emphasis added). The letter does not make it clear whether the

21  deadline that triggers the contractual limitation is found within the policy excerpt or under

22  the "Next Steps Available to You" section. *Id.* at 4-5. Additionally, neither the policy

23  excerpt nor the "Next Steps" section uses the explicit "language from its own policy" to

24  inform Hart of the date that triggers the contractual limitation period. *See Mogck*, 292 F.3d

25  at 1026; Keenley Decl. Ex. 3. The language used for the 45-day deadline in the termination

26  letter is "proof of continuing disability," while the contractual limitation in the policy uses

27  "proof of claim." Keenley Decl. Ex. 3. In short, Defendant's termination letter includes

28  two different deadlines, creating an ambiguity as to which deadline applies to the

7

1    contractual limitation. *Id*. Therefore, interpreting this ambiguity in favor of the insured,

2    Hart's interpretation prevails. *Kunin*, 910 F.2d at 539. The Court finds the filing of Hart's

3    complaint on November 24, 2015 was timely since it was filed within three years of the

4    December 4, 2012 deadline to file an appeal. Reply at 9:12-13. Therefore, Hart's complaint

5    is not barred by the three-year contractual limitation found in the LTD Plan.

6

7    **IV.    CONCLUSION**

8         For the reasons set forth above, this Court GRANTS Plaintiff's motion for partial

9    summary judgment and DENIES Defendant's cross-motion for summary judgment.

10

11   **IT IS SO ORDERED.**

12

13   Dated:  02/13/17                    _____

14                                        THELTON E. HENDERSON
                                          United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California